FILED 16 SEP '15 17:41 USDC-ORE

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON
# EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 6:15-CR-341-AA |
| Plaintiff, | **INDICTMENT** |
| v. | Count 1: Conspiracy<br>18 U.S.C. § 371 |
| ERIK FLORES ELORTEGUI and<br>ROBERT ALLEN CUMMINS | Counts 2-13: False Statements in Connection With the Acquisition of Firearms<br>18 U.S.C. § 924(a)(1)(A) |
| Defendants. | Counts 14-25: Smuggling Goods from the United States<br>18 U.S.C. § 554 |
| | Count 26: Unlawful Dealing in Firearms<br>18 U.S.C. § 922(a)(1)(A) |
| | Forfeiture<br>18 U.S.C. § 924(d)<br>18 U.S.C. § 981(a)(1)(C)<br>28 U.S.C. § 2461(c) |
| | **UNDER SEAL** |

## THE GRAND JURY CHARGES:

### Introduction

1.      Transnational Criminal Organizations operating in Mexico rely upon the use of firearms to protect their supply of drugs, supply routes, profits, and distribution territory from both law enforcement agents and other criminal organizations.

PAGE 1 - INDICTMENT

2.  These Criminal Organizations represent a ready and lucrative market for firearms and prefer certain makes, models, and calibers of firearms. These "weapons of choice" are generally semi-automatic versions of military type rifles and pistols, including .50 caliber rifles, 7.62mm rifles, .308 caliber rifles, 5.7x28mm firearms and .38 Super caliber handguns.

3.  These firearms, and the ammunition they use, are not available in Mexico through regular commercial retail channels, but are available in the United States through licensed retail gun shops. Therefore, these Criminal Organizations rely on the commercial firearms market from the United States, among other places. Firearms traffickers commonly purchase the firearms they smuggle into Mexico from licensed retail gun shops in the United States. Because of their unavailability in Mexico, these firearms are worth significantly more in Mexico than in the United States, thereby furnishing a substantial profit motive for the firearms traffickers.

4.  A Federal Firearms Licensee ("FFL") is a business licensed under Chapter 44 of Title 18, United States Code, to engage in the business of dealing in firearms. When a purchaser buys a firearm from an FFL, that buyer must fill out a Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Form 4473 (Firearms Transaction Record), which asks for and requires the buyer's true name, current residential address, and other identifying information. The information on the ATF Form 4473 makes it possible to trace a firearm back to its retail purchaser. FFLs are required by Chapter 44 of Title 18, United States Code, to maintain these forms in their records.

\\\

\\\

5.  In addition, ATF Form 4473 asks the purchaser: "Are you the actual transferee/buyer of the firearm(s) listed on this form? Warning: You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual buyer, the dealer cannot transfer the firearm(s) to you . . . ."

6.  If an FFL or employee of an FFL knows that the individual filling out an ATF Form 4473 is not the actual purchaser of the firearm(s), but is instead purchasing the firearm(s) on behalf of another person, it is illegal for the FFL or an employee to sell the firearm(s) to that individual.

7.  Firearms traffickers often employ "straw purchasers" to buy firearms from licensed gun dealers in the United States. These straw purchasers are commonly paid to falsely claim on the ATF Form 4473 that they are buying the firearm(s) for themselves, when in fact they are purchasing the firearm(s) on behalf of another.

8.  Firearms traffickers commonly acquire firearms through straw purchasers to conceal the true purchaser. Firearms purchased in furtherance of a firearms trafficking conspiracy are usually purchased in cash to further conceal the true buyer and source of funds.

9.  Firearms traffickers and straw purchasers commonly obliterate the serial numbers of firearms to make it more difficult for law enforcement to trace a recovered firearm and determine who first purchased it.

10. Only those individuals possessing an export license from the United States Department of State may legally export certain firearms and ammunition from the United States, including .50 caliber rifles, 7.62mm rifles, .308 caliber rifles, 5.7x28mm firearms and .38 Super handguns.

PAGE 3 - INDICTMENT

11.     At all times relevant to this Indictment, defendants **ERIK FLORES ELORTEGUI** and **ROBERT ALLEN CUMMINS** did not have, and have never had, an export license from the United States Department of State.

## COUNT 1
### (Conspiracy)

From on or about November 2013 through on or about September 2014, in the District of Oregon and elsewhere, the defendants **ERIK FLORES ELORTEGUI** and **ROBERT ALLEN CUMMINS** did unlawfully and knowingly conspire, combine, confederate, and agree with each other and individuals unknown to the grand jury to commit the following offenses:

1. Knowingly making false statements in connection with the acquisition of firearms, in violation of 18 U.S.C. § 924(a)(1)(A); and

2. Smuggling Goods from the United States, in violation of 18 U.S.C. § 554.

### Manner and Means of the Conspiracy

As part of the conspiracy:

1. Members of the conspiracy deposited thousands of dollars in cash at various locations in California, including some locations near the U.S./Mexico border, into bank accounts associated with **ERIK FLORES ELORTEGUI**.

2. The Defendants illegally purchased thousands of dollars' worth of firearms – the types of firearms for which there was a ready market among the Criminal Organizations in Mexico, such as .50 caliber rifles, AK-47 type rifles, 5.7x28mm firearms and .38 Super caliber handguns – from FFLs in Oregon.

PAGE 4 - INDICTMENT

3.  During these firearms purchases, the Defendants knowingly made false statements and representations when they executed the ATF Forms 4473, stating the firearms were for themselves, when in fact they were being purchased on behalf of others.

4.  The Defendants and others knowingly bought, sold, and facilitated the transportation of the firearms, which they knew were intended to be exported illegally to Mexico.

5.  To avoid detection, members of the conspiracy obliterated the serial numbers of certain firearms and knowingly smuggled the firearms to Mexico.

### Overt Acts

In furtherance of the conspiracy, and to accomplish the objectives thereof, the following overt acts, among others, were committed in the District of Oregon and elsewhere:

1.  Between approximately November 1, 2013 and December 23, 2013, individual(s) in San Ysidro, California and Calexico, California made cash deposits into **ERIK FLORES ELORTEGUI's** bank accounts totaling approximately $52,000.

2.  In December of 2013, **ERIK FLORES ELORTEGUI** purchased approximately $14,000 worth of high-caliber firearms in Oregon, including one Barrett .50 caliber rifle for $8,260, several AK-47 type rifles, and a Colt .38 Super pistol.

3.  Between January of 2014 and April 27, 2014, individual(s) in California made cash deposits into **ERIK FLORES ELORTEGUI's** bank accounts totaling approximately $20,000.

4.  Between approximately March 2, 2014 and May 7, 2014, **ERIK FLORES ELORTEGUI** purchased approximately $19,000 worth of high-caliber firearms, including three Colt Aztec Gold pistols.

5.  On or about May 3, 2014, **ERIK FLORES ELORTEGUI** sent a text message to **ROBERT ALLEN CUMMINS** inquiring whether **ROBERT ALLEN CUMMINS** had been in touch with FFL Adaptive Firing Solutions.

6.  On or about May 5, 2014, **ERIK FLORES ELORTEGUI** sent a text message to **ROBERT ALLEN CUMMINS** with a link to a Barrett .50 caliber rifle being sold by FFL Adaptive Firing Solutions.

7. On or about May 5, 2014, **ROBERT ALLEN CUMMINS** responded in a text message and asked **ERIK FLORES ELORTEGUI** how many he wanted and stated that they should not text any more, and instead should talk on the phone or email.

8. On or about May 6, 2014, **ERIK FLORES ELORTEGUI** sent a text message to **ROBERT ALLEN CUMMINS** stating, "Let me know the subtotal and ata of the burritos."

9. On or about May 7, 2014, **ERIK FLORES ELORTEGUI** and **ROBERT ALLEN CUMMINS** met at a parking lot in Oregon.

10. Thereafter, on or about May 7, 2014, **ROBERT ALLEN CUMMINS** purchased a 7.62mm rifle from FFL Curt's Discount Guns on behalf of **ERIK FLORES ELORTEGUI**.

11. Thereafter, on or about May 7, 2014, **ROBERT ALLEN CUMMINS** gave an advance payment of $38,100 in cash to FFL Adaptive Firing Solutions in Oregon City, Oregon for a large order of firearms to be picked up at a later date.

12. On or about May 15, 2014, **ERIK FLORES ELORTEGUI** purchased a Dremel grinding tool at the Home Depot in Hillsboro, Oregon.

13. On or about May 15, 2014, **ROBERT ALLEN CUMMINS** picked up the large purchase of firearms from FFL Adaptive Firing Solutions – for which he had previously paid $38,100 in cash – which included three Barrett .50 caliber rifles, and multiple .308 caliber rifles and 5.7x28mm rifles.

14. Thereafter, on or about May 15, 2014, **ROBERT ALLEN CUMMINS** transferred to **ERIK FLORES ELORTEGUI** the majority of the firearms he had just picked up from FFL Adaptive Firing Solutions – including two Barrett .50 caliber rifles that were later found in Sonora, Mexico on July 8, 2014, along with other firearms with obliterated serial numbers.

15. On or about May 18, 2014, **ERIK FLORES ELORTEGUI** traveled from Oregon to the U.S./Mexico border and purchased a hotel room for one night at a Quality Inn in Calexico, California.

16. On or about May 19, 2014, **ERIK FLORES ELORTEGUI** purchased a Dremel cut off wheel and a triangle high speed cutter at the Home Depot in El Centro, California.

17. On or about May 19, 2014, **ERIK FLORES ELORTEGUI** traveled from the Calexico, California area across the border into Mexicali, Mexico.

18. On or about June 16, 2014, **ROBERT ALLEN CUMMINS** sent a text message to **ERIK FLORES ELORTEGUI** asking if he was "ready for any burritos yet please let me know thank you."

19. Between approximately July 31, 2014 and August 28, 2014, individual(s) in California made cash deposits into **ERIK FLORES ELORTEGUI's** bank accounts totaling approximately $22,500.

20. On or about August 18, 2014, **ERIK FLORES ELORTEGUI** sent a text message to **ROBERT ALLEN CUMMINS** asking: "Did the tobacco people talk to you yet?"

21. In August of 2014, **ERIK FLORES ELORTEGUI** submitted numerous online inquiries about purchasing high-caliber rifles and handguns, including AK-47 type rifles.

22. On or about September 3, 2014, **ERIK FLORES ELORTEGUI** traveled from Oregon to the Calexico, California area.

In violation of Title 18, United States Code, Section 371.

## COUNTS 2-13
### (False Statements in Connection with the Acquisition of Firearms – ATF Form 4473)

On or about the dates listed below, in the District of Oregon, each Defendant as set forth below, did knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of the Federally Licensed Firearms Dealer listed below, licensed under the provisions of

\\\

\\\

\\\

\\\

\\\

Chapter 44 of Title 18, United States Code, in that each Defendant listed below executed an ATF Form 4473, Firearms Transaction Record, stating that the Defendant was the actual purchaser of the firearm(s) listed below, when in fact the Defendant was purchasing the firearm(s) on behalf of another.

| Count | Defendant | Date | Firearms Dealer | Firearm(s) |
|---|---|---|---|---|
| 2 | **ERIK FLORES ELORTEGUI** | 12/2/2013 | Northwest Armory | •Three Century Arms 7.62x39mm rifles<br>•Colt 1911 .38 Super caliber pistol |
| 3 | **ERIK FLORES ELORTEGUI** | 12/3/2013 | Sportsman's Warehouse | •Bushmaster .308 caliber rifle |
| 4 | **ERIK FLORES ELORTEGUI** | 12/20/2013 | Tactical Ordnance | •CMMG 7.62mm lower receiver |
| 5 | **ERIK FLORES ELORTEGUI** | 12/24/2013 | Northwest Armory | •Barrett Model 82A .50 caliber rifle |
| 6 | **ERIK FLORES ELORTEGUI** | 3/12/2014 | Tigard Pawn | •Colt Aztec Gold .38 Super caliber pistol |
| 7 | **ERIK FLORES ELORTEGUI** | 4/30/2014 | Curt's Discount Guns | •FN Model PS90 5.7x28mm rifle |
| 8 | **ROBERT ALLEN CUMMINS** | 4/30/2014 | Curt's Discount Guns | •FN Model PS90 5.7x28mm rifle |
| 9 | **ERIK FLORES ELORTEGUI** | 5/6/2014 | Tigard Pawn | •Two Colt Aztec Gold .38 Super caliber pistols |
| 10 | **ERIK FLORES ELORTEGUI** | 5/7/2014 | Curt's Discount Guns | •FN Model SCAR 17S 7.62mm rifle |
| 11 | **ROBERT ALLEN CUMMINS** | 5/7/2014 | Curt's Discount Guns | •FN Model SCAR 17S 7.62mm rifle |
| 12 | **ERIK FLORES ELORTEGUI** | 5/15/2014 | Adaptive Firing Solutions | •Six DPMS .308 caliber rifles<br>•Two Barrett Model 82A1 .50 caliber rifles |
| 13 | **ROBERT ALLEN CUMMINS** | 5/15/2014 | Adaptive Firing Solutions | •Six DPMS .308 caliber rifles<br>•Two Barrett Model 82A1 .50 caliber rifles |

In violation of Title 18, United States Code, Sections 2 and 924(a)(1)(A).

PAGE 8 - INDICTMENT

## COUNTS 14-25
### (Smuggling Goods from the United States)

On or about the dates listed below, in the District of Oregon, each Defendant as set forth below, did fraudulently and knowingly receive, conceal, buy, sell, and facilitate the transportation, concealment and sale of the firearms set forth below, prior to exportation, knowing the firearms to be intended for exportation from the United States contrary to any law or regulation of the United States, to wit:  Title 22, United States Code, Sections 2778(b)(2) and (c);

| Count | Defendant | Date | Firearm(s) |
|---|---|---|---|
| 14 | ERIK FLORES ELORTEGUI | 12/2/2013 | •Three Century Arms 7.62x39mm rifles<br>•Colt 1911 .38 Super caliber pistol |
| 15 | ERIK FLORES ELORTEGUI | 12/3/2013 | •Bushmaster .308 caliber rifle |
| 16 | ERIK FLORES ELORTEGUI | 12/20/2013 | •CMMG 7.62mm lower receiver |
| 17 | ERIK FLORES ELORTEGUI | 12/24/2013 | •Barrett Model 82A1 .50 caliber rifle |
| 18 | ERIK FLORES ELORTEGUI | 3/12/2014 | •Colt Aztec Gold .38 Super caliber pistol |
| 19 | ERIK FLORES ELORTEGUI | 3/29/2014 | • FN Model SCAR 17 5.7x28mm rifle |
| 20 | ERIK FLORES ELORTEGUI | 4/17/2014 | •Two FN, Model Five-Seven, 5.7x28mm pistols |
| 21 | ERIK FLORES ELORTEGUI | 4/30/2014 | •FN Model PS90 5.7x28mm rifle |
| 22 | ERIK FLORES ELORTEGUI | 5/6/2014 | •Two Colt Aztec Gold .38 Super caliber pistols |
| 23 | ERIK FLORES ELORTEGUI | 5/7/2014 | •FN Model SCAR 17S 7.62mm rifle |
| 24 | ERIK FLORES ELORTEGUI | 5/15/2014 | •Six DPMS .308 caliber rifles<br>•Two Barrett Model 82A1 .50 caliber rifles |
| 25 | ROBERT ALLEN CUMMINS | 5/15/2014 | •Six DPMS .308 caliber rifles<br>•Two Barrett Model 82A1 .50 caliber rifles |

In violation of Title 18, United States Code, Sections 2 and 554.

## COUNT 26
### (Engaging in Business Without a License-Firearms)

From on or about March 2014 through on or about March 9, 2015, in the District of Oregon, defendant **ROBERT ALLEN CUMMINS**, not being a licensed dealer of firearms

PAGE 9 - INDICTMENT

within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms;

In violation of Title 18, United States Code, Section 922(a)(1)(A).

### FIRST FORFEITURE ALLEGATION

Upon conviction of one or more of the offenses alleged in Counts 1 and 14 through 25 of this Indictment, defendants **ERIK FLORES ELORTEGUI** and **ROBERT ALLEN CUMMINS** shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) any property constituting or derived from proceeds traceable to the violation.

### SECOND FORFEITURE ALLEGATION

Upon conviction of any of the offenses alleged in Counts 1 through 13 and 26 of this Indictment, defendants **ERIK FLORES ELORTEGUI** and **ROBERT ALLEN CUMMINS** shall forfeit to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms involved in or used in the commission of the offense.

Dated this 16th day of September 2015.

A TRUE BILL.

GRAND JURY FOREPERSON

Presented by:

BILLY J. WILLIAMS
Acting United States Attorney

NATHAN J. LICHVARCIK
Assistant United States Attorney

PAGE 10 - INDICTMENT